**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. __1:22-mj-03927 Damian__

**UNITED STATES OF AMERICA**

v.

**STEVENSON CHARLES,**

**Defendant.**
_____/

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?  __ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? __ Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2019 (Mag. Judge Jared M. Strauss)?  __ Yes  _X_ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
Elena Smukler
Assistant United States Attorney
Fla. Bar No. 91025
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9444
Elena.Smukler@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>STEVENSON CHARLES<br><br>Defendant(s) | Case No. 1:22-mj-03927 Damian |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **October 24, 2022 & November 2, 2022** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 2119(1) | Carjacking |
| 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) | Brandishing a Firearm in Furtherance of a Crime of Violence |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Thomas Pavletic, Special Agent, FBI
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by **Facetime**

Date: 11/11/2022

_____
Judge's signature

City and state: Miami, Florida

Melissa Damian, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Thomas Pavletic, being duly sworn, deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the FBI and have been so employed since 2019. Thus, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510. That is, I am an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, violations of federal law, including the offenses enumerated in Titles 8, 18, 19 and 21 of the United States Code.

2. I am currently assigned to the Miami Field Office South Florida Violent Crimes Task Force, which targets individuals involved in violent crime. As part of my duties, I investigate violent crimes, including kidnapping, carjacking, and the use of firearms during violent offenses, in violation of Title 18, United States Code, Sections 1201, 2119, and 924(c). I received training on the proper investigative techniques for these violations, including the use of surveillance techniques and the application and execution of arrest and search warrants, including warrants for historical and prospective cell-site information. I have conducted and assisted in fugitive and violent crime investigations, and have executed search warrants that have led to seizures of evidence related to violent crime.

3. I respectfully submit that there is probable cause to believe that Stevenson CHARLES ("CHARLES"), (1) on or about on October 24, 2022, did, with the intent to cause death and serious bodily harm, take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119(1); (2) on or about October 24, 2022, did use and carry a firearm during and in relation to a crime of violence, did knowingly possess a firearm in furtherance of a crime of

violence, and did brandish said firearm, in violation of Title 18, United States Code, Sections 924(c)(l)(A)(ii); (3) on or about November 2, 2022, did, with the intent to cause death and serious bodily harm, take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119(1); and, (4) on or about November 2, 2022, did use and carry a firearm during and in relation to a crime of violence, did knowingly possess a firearm in furtherance of a crime of violence, and did brandish said firearm, in violation of Title 18, United States Code, Sections 924(c)(l)(A)(ii).

4. The statements contained in this affidavit are based on my personal knowledge as well as information relayed to me by other law enforcement officers and witnesses present on scene. I have not included in this affidavit each and every fact known to me. Rather, I have included only those facts that I believe are necessary to establish probable cause for the issuance of a criminal complaint against CHARLES for the above-described criminal violations.

## PROBABLE CAUSE

### Victim 1

5. On or about Sunday, October 23, 2022, Victim 1 met another male online using the "Grindr" application, an online dating and social networking application targeted towards members of the LGBTQ community. Victim 1 and the male agreed to meet in person at a residence located at 10403 NW 25th Avenue, Miami, Florida 33147 (the "10403 Residence").

6. On or about October 23, 2022, at approximately, 11:00 p.m., Victim 1 arrived at the 10403 Residence and made contact with the male, later identified by law enforcement as CHARLES. CHARLES invited Victim 1 into the residence. Victim 1 and CHARLES then proceeded to CHARLES's bedroom. Victim 1 noticed that CHARLES was wearing an ankle monitor during their interaction. A short time later, CHARLES produced a black firearm,

pointed it at Victim 1, and demanded his cell phone. Victim 1 provided his cell phone to CHARLES. Victim 1, in fear for his life, and in attempt to get out of the residence, told CHARLES that he would drive him to a bank and withdraw money for him.

7. CHARLES entered the front passenger seat of Victim 1's vehicle, a 2021 red Honda which had previously been transported, shipped, or received in interstate or foreign commerce (hereinafter, "Victim 1's Vehicle"). Victim 1 drove CHARLES to a Wells Fargo bank located at 13100 NW 27th Avenue in Miami, Florida. CHARLES pointed a firearm at Victim 1 as he was driving. Victim 1 withdrew $380.00 in U.S. currency from Wells Fargo and handed it to CHARLES. Victim 1 then drove to a Bank of America, located at 13300 NW 27th Avenue in Miami, Florida, and withdrew $760.00 in U.S. currency, which he also handed to CHARLES. CHARLES then instructed Victim 1 to sit in the front passenger seat so that he could drive. As CHARLES was driving Victim 1's Vehicle, he ordered Victim 1 to exit his vehicle at an unspecified highway exit; CHARLES then fled in Victim 1's Vehicle. The Victim walked to a nearby gas station and called the police.

8. A search of the Florida Driver and Vehicle Information Database ("DAVID") revealed that the 10403 Residence is listed as CHARLES's residence. Furthermore, a search of law enforcement databases revealed that CHARLES was on probation and being monitored by the Miami-Dade County Corrections Boot Camp program using a GPS ankle monitor at the time of the incident. Probation records revealed that after the incident on October 24, 2022, CHARLES removed his GPS ankle monitor. Probation records also indicate that the 10403 Residence is CHARLES's residence, as reported to probation.

9. Victim 1 provided law enforcement with his bank transaction records showing the date and time of the cash withdrawals from Wells Fargo and Bank of America. Law

enforcement made contact with the Miami-Dade County Corrections Boot Camp program, who provided GPS monitor location data for CHARLES during the relevant time period. A review of the location data revealed that CHARLES was at the Wells Fargo and the Bank of America at the time of the aforementioned cash withdrawals. A review of the location data also confirms that CHARLES was at the 10403 Residence prior to going to the banks.

### Victim 2

10. On or about November 2, 2022, Victim 2 received a message from an unknown male on the "Grindr" application. The male told Victim 2 that he wanted to meet up and sent his location to Victim 2. Victim 2 agreed to meet with the male. Victim 2 drove to location provided by the male: 244 NW 72nd Terrace Miami, Florida (the "244 Residence"). Victim 2 was driving his 2022 black Toyota, which had previously been transported, shipped, or received in interstate or foreign commerce (hereinafter "Victim 2's Vehicle").

11. When Victim 2 arrived at the 244 Residence, he observed CHARLES exiting the apartment building. Victim 2 stopped his vehicle in front of CHARLES and put the vehicle in park, causing the doors of the vehicle to unlock. CHARLES entered the backseat of Victim 2's Vehicle and pointed a firearm at Victim 2. CHARLES appeared to notice police cars that were nearby and ordered Victim 2 to drive.

12. Victim 2 did not speak English fluently. CHARLES used a cell phone translator application to communicate with Victim 2. CHARLES asked Victim 2 where he lived and instructed Victim 2 to take them to Victim 2's apartment. Victim 2 drove his vehicle to his apartment. CHARLES ordered Victim 2 to park inside the parking garage. CHARLES then instructed Victim 2 to come to the backseat. CHARLES put down the backseat and ordered Victim 2 to lay down in the backseat-trunk area of the vehicle.

13. During the course of this incident, CHARLES struck Victim 2 several times about the head and body with the firearm, causing bruising to Victim 2's face and shoulder, and a cut to Victim 2's head.

14. CHARLES ordered Victim 2 to unlock his phone. CHARLES then used the phone translator application to ask Victim 2 to log into Victim 2's bank accounts. CHARLES noticed Victim 2 had a Bank of America account. CHARLES instructed Victim 2 to login to his bank account, but Victim 2 was unable to login to his account. While looking through pictures on Victim 2's phone, CHARLES observed photographs of Victim 2 with other men; CHARLES told Victim 2 that he was "going to kill all of you" and struck Victim 2 with the firearm.

15. CHARLES then jumped into the driver's seat of Victim 2's Vehicle, leaving Victim 2 laying down in the backseat-trunk area. Victim 2 could not tell which direction CHARLES was driving because every time Victim 2 tried to put his head up, CHARLES struck him with the firearm.

16. CHARLES and Victim 2 ultimately arrived at an unknown Bank of America location. CHARLES told Victim 2 to exit the vehicle and withdraw money from Victim 2's bank account. Victim 2 tried to take out money, but was unsuccessful. CHARLES got out of Victim 2's vehicle with a ski mask covering his face and tried withdrawing money with Victim 2; he was also unsuccessful. CHARLES ordered Victim 2 to get into the vehicle again.

17. While going through Victim 2's phone, CHARLES also noticed that Victim 2 had an Apple card with an available balance. CHARLES called someone on his phone and asked how to get the money from an Apple Card. After getting instructions, CHARLES ordered Victim 2 into the front passenger seat of the vehicle and instructed him to keep his head down.

18. CHARLES then drove Victim 2's vehicle to three (3) different Walgreens stores. Neither CHARLES nor Victim 2 exited the vehicle at the first Walgreens store. At the second Walgreens store, located at 3007 NE 199th Steet in Aventura, Florida, CHARLES instructed Victim 2 to stay in the car. CHARLES told Victim 2 that if he tried to leave, he was going to kill him. CHARLES turned off Victim 2's Vehicle and exited the vehicle, leaving Victim 2 inside of the vehicle; he then walked into the Walgreens with Victim 2's Apple card and the keys to the car. A review of Victim 2's Apple card transactions revealed that CHARLES used Victim 2's Apple card to purchase a $500 Apple gift card at the second Walgreens store. CHARLES then returned to Victim 2's vehicle.

19. CHARLES then drove to a third Walgreens store, located at 18665 Biscayne Boulevard in Aventura, Florida. CHARLES walked into the Walgreens, leaving Victim 2 inside of the vehicle with the car on; CHARLES took the keys to the car with him. CHARLES used Victim 2's phone to access Victim 2's Apple card and purchased a $500 American Express Gold Gift Card, a Mountain Dew, and an Aquafina water. A review of Victim 2's Apple card transactions reflect that transaction. While CHARLES was inside of the third Walgreens store, Victim 2 jumped into the driver's seat of his vehicle and fled in his vehicle.

20. Law Enforcement obtained surveillance video from the 244 Residence. The video shows CHARLES taking the elevator down from the 10th floor of the building and exiting the building to meet Victim 2. Law Enforcement investigation revealed that a known female associate of CHARLES resides in an apartment on the 10th floor of the 244 Residence.

21. CHARLES's probation officer was shown the video obtained from the 244 Residence. The probation officer confirmed that male in elevator heading down to meet with Victim 2 is CHARLES.

22. Victim 2 was shown the video obtained from the 244 Residence. Victim 2 confirmed that the male in the elevator (coming down from the 10th floor) was the male who entered into his vehicle.

23. Victim 2 consented to a search of his vehicle. Law enforcement located an Apple card belonging to Victim 2 inside of the vehicle. The Apple card was processed for fingerprints. A fingerprint examiner determined that fingerprints located on the Apple card found in Victim 2's Vehicle matched fingerprints on file for CHARLES.

## CONCLUSION

24. Based upon the information provided above, I respectfully submit that probable cause exists that STEVENSON CHARLES (1) did, with the intent to cause death and serious bodily harm, take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119(1); and (2) did use and carry a firearm during and in relation to a crime of violence, did knowingly possess a firearm in furtherance of a crime of violence, and did brandish said firearm, in violation of Title 18, United States Code, Sections 924(c)(l)(A)(ii).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Respectfully submitted,

_____
Thomas Pavletic
Federal Bureau of Investigation

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 14th day of November 2022.

_____
HONORABLE MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

7