UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20596-CR-HUCK

UNITED STATES OF AMERICA,
       Plaintiff,

v.

STEVESON CHARLES,
       Defendant.
_____/

## SENTENCING MEMORANDUM

The defendant, Stevenson Charles, through counsel submits this sentencing memorandum and incorporated Motion for Downward Variance from the Guideline range recommending life imprisonment. Specifically, the Court is urged to grant a motion for downward variance pursuant to 18 U.S.C. 3553 and sentence Mr. Charles to the statutory mandatory minimum sentence of 38 years.

Mr. Charles was 21 years of age at the time that he committed these offenses. Considering Mr. Charles' age, and other factors the defense position is that the Guideline recommended sentence of Life Imprisonment is not the appropriate sentence in this case.

In *Graham v. Florida*, Supreme Court has acknowledged that a different standard should apply to juvenile offenders and that they should not be sentenced to Life Imprisonment without the possibility for parole for a non-homicide crime. *Graham v. Florida*, 560 U.S. 48 (2010). Further, the Court held that juveniles should be given a meaningful opportunity to obtain release. *Id.*

In that connection, people are recognized as adults at age 18. But emerging science about brain development suggest that most people don't reach full maturity until the age of 30.[1] While Mr. Charles is not officially a juvenile offender, the defense argues that because he is only a few years removed from the official juvenile age that the Supreme Court's analysis is helpful in Mr. Charles' case.  At age 21, Mr. Charles is only 4 years removed from the official age of a juvenile (a minor less than 18 years of age).

As stated above, the Supreme Court's analysis about how the mind of a juvenile lacks adult maturity is helpful in analyzing Mr. Charles' case. Specifically, the Court said that "]b]ecause juveniles have lessened culpability, they are less deserving of the most severe punishments." *Id.* at headnote 14. And "[f]or purposes of determining punishment, a juvenile is not absolved of responsibility for his actions but his transgression is not as morally reprehensible as that of an adult." *Id.* at headnote 15. Further, as the Supreme Court has said, Life Imprisonment is the second most severe punishment available to our society and should not be imposed on a juvenile in a non-homicide case. *Id.*  Based on the same reasoning, Life Imprisonment also should not be imposed on this 21 year old in this non-homicide case.

The current scientific consensus is that the human brain does not even reach full development until the age of 25 – 30.  Here, Mr. Charles being a 21 year old falls squarely within the age group that does not have a fully developed brain.  In

---

[1] "Adulthood Begins at 30.  Scientist say that our brains are not fully grown-up we are in our twenties," https://www.dailymail.co.uk (March 19, 2019) (last visited on April 20, 2023).

fact, according to research the part of the brain behind the forehead, called the prefrontal cortex, is one of the last parts to mature.  This area is responsible for skills like planning, prioritizing, and making good decisions.[2] The rational part of a young person's brain isn't fully developed and won't be until age 25 or so.[3]  Recent research has found that adult and young person's brains work differently.  Adults think with the prefrontal cortex, the brain's rational part. *Id.*

    Moreover, as a 21 year old, Mr. Charles has been more vulnerable to older peer influence that can promote violent criminal activity.   Similarly, Mr. Charles father's complete absence from his childhood because of his imprisonment[4] also left him more susceptible to older peer influence that drives this type of behavior among some young men.  His father's absence and lack of financial support also made it more likely that he would have to reside in a neighborhood that lacks educational or employment opportunities.  Lacking a father, and living in a struggling neighborhood surrounded by many older men who are not the best role models and many of who view committing crime as their best opportunity, was a critical deficit to Mr. Charles' experience growing up.

---

[2] "The Teen Brain: 7 things to know," Hppps://www.ninh.nih.gov. (last visited on April 21, 2023).
[3] "Understanding the teen brain" – Health Encyclopedia – University of Rochester, https://www.urmc.rochester.edu (last visited on April 21, 2023).
[4] Children whose parents are involved in the criminal justice system, in particular, face a host of challenges and difficulties: psychological strain, antisocial behavior, suspensions or expulsions from school, economic hardship, and criminal activity. Hidden Consequences: "The Impact of Incarceration on Dependent Children," National Institute of Justice, nij.ojp.gov.(last visited April 21, 2023). One statistic indicates that children of incarcerated parents are, on average, six times more likely to become incarcerated themselves. *Id.*

### Other Factors to Consider

Mr. Charles also has a serious educational deficit and may have a learning disability based on his having a history of attending remedial programs and only reaching the 8th grade when he dropped out of school. PSR at paragraph 108.

Mr. Charles work history supports the argument that he has the ability to do productive work and become a productive member of society. PSR at paragraphs 111 – 114. The varied jobs that he has held include line cook and warehouse stocker are regular jobs where he has interacted successfully with both other employees and his employers.

Mr. Charles has a significant history of suffering from substance addiction to opiates, pills and marijuana. PSR at paragraphs 103 – 107. This long-term polysubstance addiction could not have been helpful to promoting good judgment.

Mr. Charles pled guilty to resolve three separate criminal incidents and thereby conserved both Court and government resources.

Mr. Charles guilty plea prevented the witnesses from having to suffer additional trauma by having to testify publicly.

Moreover, a sentence of 38 years is a high sentence that reflects the seriousness of the crime.

WHEREFORE, based on Mr. Charles' age and other factors such as his extraordinary acceptance of responsibility for these three separate serious incidents covered by the Indictment in this case, the defense urges the court to grant a motion

for downward variance and sentence Mr. Charles to the mandatory minimum sentence, 38 years.

                                  Respectfully submitted,

                                  MICHAEL CARUSO
                                  FEDERAL PUBLIC DEFENDER

                  By:   s/*Daniel L. Ecarius*
                                  Daniel L. Ecarius
                                  Assistant Federal Public Defender
                                  Florida Bar No. 719765
                                  150 W. Flagler Street, Suite 1700
                                  Miami, FL 33l30
                                  Telephone: (305) 530-7000
                                  E-mail: daniel_ecarius@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    /s/*Daniel L. Ecarius*
                                                    Daniel L. Ecarius